## CIRCUIT COURT OF CHESTERFIELD COUNTY

St. Paul Fire and Marine Ins. Co.

v.

W. S. Pinchbeck, Inc.

August 4, 1988

Case No. (Law) 2686-88

By JUDGE HERBERT C. GILL, JR.

In its affirmative defense, W. S. Pinchbeck, Inc., asserts that the statute of limitations bars any recovery by the plaintiff. The parties stipulate that on March 13, 1980, a deed was recorded in Chesterfield Circuit Court. A valid lien existed against the property at the time of the conveyance. The question presented is when does the statute of limitations for breach of a covenant in a deed begin to run, at the time of the conveyance or at such time as a monetary loss was incurred by the plaintiff. The plaintiff alleges that the covenant was breached in 1985 when the plaintiffs were forced to satisfy the judgment. Conversely, the defendants argue that the breach occurred earlier in 1980, when the deed was recorded.

The Court finds that the five year statute of limitations applies to this suit. As both parties correctly note, it is necessary to distinguish between a right of action and a cause of action. The rule is clear in Virginia that a right of action is a separate legal notion from a cause of action. A right of action can best be described as the right to presently enforce a cause of action. *First Virginia Bank-Colonial v. Margaret B. Baker, Clerk, and Globe Indemnity Company*, 225 Va. 72 (1983). To determine if the five year statute of limitations bars the plaintiff's

suit, it is necessary to determine when the cause of action accrued in this case.

In the *First Virginia Bank-Colonial* Case, the Virginia Supreme Court held that the right of action of the plaintiff bank accrued when the damage occurred and not when the cause of action accrued (at the time of the wrongful act). In that case the negligent act of the clerk occurred in 1973. The bank recorded its deed of trust three years later and at that time suffered injury giving rise to its right of action. However, the facts in the case at bar are decidedly different from the ones which the Supreme Court ruled on in the *First Virginia Bank-Colonial* Case. The facts of this case are distinguishable because the covenants in the deed were breached when the deed was recorded in 1980. The cause of action and the right of action occurred simultaneously. When the covenants were breached, the covenant ceased to "run with the land" and became personal actions possessed by the grantee, *Railway Company v. Willis*, 200 Va. 299 (1958).

Therefore, the Court holds that the cause of action and the right of action occurred in 1980 when the faulty deed was recorded and not when the monetary loss was incurred by the grantee. The defendant's affirmative defense of the statute of limitations is sustained.